The People *v.* Keeler.

## THE PEOPLE *vs.* KEELER.

A justice of the peace is not a town officer. His office is a constitutional office, and is as secure from legislative interference as any other branch of the judiciary.

At the time of the passage of the act of February 3, 1849, " to provide for filling vacancies in office," which declares that whenever vacancies shall occur in any office for the filling of which *there is no existing provision*, the governor shall appoint some suitable person to execute the duties of such vacant office until the commencement of the political year next succeeding the first annual election after the happening of the vacancy at which such officer can by law be elected, there was no existing provision of law applicable to vacancies in the office of justice of the peace.

Accordingly *held* that where a vacancy occurred in the office of justice of the peace, by the death of the incumbent, in 1855, the governor had the power to appoint another person to fill the vacancy.

DEMURRER to answer. On the 28th day of July, 1855, the defendant was appointed by the governor a justice of the peace in and for the town of Kortright, in the county of Delaware, to fill a vacancy made by the death of Theodore F. Langley. He took the requisite constitutional oath, and entered upon the discharge of the duties of the office. He claims that, by virtue of his appointment, he is entitled to hold the office until the 31st day of December, 1856. At the annual town meeting of Kortright, held on the 12th of February, 1856, Stephen Furman was *elected* to fill the same vacancy, and has also entered upon the discharge of the duties of the office. An action, in the nature of a *quo warranto*, was brought by the attorney general to remove the defendant from the office. The

defendant, in his answer, stated by way of defense, the facts above set forth. To this answer the attorney general demurred.

*J. H. Reynolds,* for the plaintiffs.

*W. Murray, jun.* for the defendant.

HARRIS, J. The sixth article of the constitution relates to the organization of the judiciary of the state. Among the officers for whose election it provides, are justices of the peace. These are to be chosen by the electors of the towns, at their annual town meetings. The term of office is fixed. It is declared that in case of an election to fill a vacancy, the incumbent shall hold the office only for the residue of the unexpired term; but the mode in which such vacancy may be filled is not prescribed. There is nothing in this article that requires *an election* to fill a vacancy. By the 5th section of the 10th article, the legislature is expressly authorized to provide for filling vacancies in office, with this restriction, however, that in the case of *elective* officers, a person appointed to fill a vacancy shall not hold the office, by virtue of such appointment, longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy. The effect of this restriction, in the case of a vacancy in the office of justices of the peace, is, to render an election necessary, if the unexpired term extends beyond the limit prescribed. Within that limit the legislature may direct in what manner the vacancy shall be filled.

In pursuance of this provision of the constitution, the legislature, in 1849, declared that whenever vacancies should occur in any office for the filling of which there was no existing provision, the governor should appoint some suitable person to execute the duties of such vacant office until the commencement of the political year next succeeding the first annual election after the happening of the vacancy at which such officer could be by law elected. (*Sess. Laws,* 1849, *p.* 26.) Under this statute, the defendant received his appointment, and now claims to be author-

The People *v.* Keeler.

ized to execute the duties of the office until the first day of January, 1857, which will be the commencement of the political year next succeeding the first annual town meeting of Kortright after the happening of the vacancy he was appointed to fill.

The act of the legislature was authorized by the constitution, and the appointment by the governor was authorized by the act, unless, at the time of the passage of the act, there was an existing provision of law for filling such a vacancy. Such a provision, it is insisted by the counsel for the people, is to be found in the 36th section of the article of the revised statutes relating to vacancies in town offices and the mode of supplying them. It becomes necessary, therefore, to inquire whether that section is applicable to the office of justice of the peace, or, in other words, whether such office is a *town office.* (*See* 1 *R. S.* 348, § 36.)

The chapter in which the section is found is devoted to " the powers, duties and privileges of towns." The *second* title provides for the holding of annual town meetings, and specifies the officers who shall then be chosen. (1 *R. S.* 340, § 3.) The first article of the *third* title prescribes the mode of conducting the election. The 10th section requires the clerk, within a limited time, to transmit " to each person elected to any *town office* whose name shall not be entered on the poll list as a voter, a notice of his election." The *second* article of this title declares the qualifications of *town officers,* and fixes their term of office. The 30th section declares that " *town officers* shall hold their offices for one year," &c. The next section, which is in the article relating to *vacancies,* authorizes three justices, in case the town shall neglect to choose *its proper town officers,* or either of them, to appoint *such officers.* The 36th section directs *vacancies in all town offices,* except such as are specified, to be supplied by the justices of the town, in the manner provided in the 31st section.

From this review of the chapter, I think it is apparent that the legislature, when its provisions were adopted, had no reference to the office of justice of the peace. The term " town office," as used throughout the chapter, relates to that class of administrative officers enumerated in the third section of the second

title.   Such *offices* are created by the legislature and are subject to its control.   It may change, at will, their tenure or the mode in which they are to be filled, or abolish them altogether. Not so with the office of justice of the peace.   This is a constitutional office.   It is as secure from legislative interference as any other branch of the judiciary.   Nor is a justice of the peace, in any proper sense of the term, a town officer.   It is true, that he is to be chosen by that portion of the electors who are entitled to vote, in the town.   So is a justice of the supreme court to be chosen by the electors of his district.   But the mode of his election does not make the justice a town officer, any more than the mode of electing a justice of the supreme court makes him an officer of that district.   Each, when elected, holds the place assigned him by the constitution in the judiciary system of the state.

   I am therefore of opinion that at the time of the passage of the act of 1849, there was no existing provision of law applicable to vacancies in the office of justice of the peace, and that the defendant was legally appointed under that act.   Of course he is entitled to judgment upon the demurrer to his answer.

[ALBANY SPECIAL TERM, August 26, 1856.   *Harris*, Justice.]